NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3090-20

DORETTA CERCIELLO,
on behalf of herself and others
similarly situated,

       Plaintiff-Appellant,

v.

SALERNO DUANE, INC. and
RAYMOND DUANE,

       Defendants-Respondents.

---

APPROVED FOR PUBLICATION

July 20, 2022

APPELLATE DIVISION

Argued May 24, 2022 - Decided July 20, 2022

Before Judges Currier, DeAlmeida, and Smith.

On appeal from an interlocutory order of the Superior
Court of New Jersey, Law Division, Union County,
Docket No. L-1690-17.

Andrew R. Wolf argued the cause for appellant (Law
Office of David C. Ricci, LLC and Dann Law Firm,
PC, attorneys; David C. Ricci, Andrew R. Wolf, and
Michael A. Smith, Jr., on the briefs).

Michael V. Gilberti argued the cause for respondents
(Jardim, Meisner & Susser, PC, attorneys; Michael V.
Gilberti, on the brief).

This opinion of the court was delivered by

CURRIER, J.A.D.

In this class action matter arising out of the purchase of a vehicle, we consider whether defendants' material breach of an arbitration agreement—the failure to pay the administration fees—precludes them from asserting the waiver of the right to pursue a class action in the subsequent Superior Court litigation. We conclude it does not.

The arbitration agreement clearly informed consumer purchasers they were waiving their right to pursue a class action in court and in arbitration. Although defendants cannot compel arbitration because of their failure to pay the requisite fees, their breach of the agreement does not eradicate the other provisions to which plaintiff agreed—namely the waiver of the right to pursue a class action in court. We affirm the orders denying class certification.

Plaintiff executed a Motor Vehicle Retail Order (MVRO) and Retail Installment Sale Contract (RISC) when she purchased a used car from defendants. The MVRO contained the following language:

> **AGREEMENT TO ARBITRATE ALL CLAIMS. READ THE FOLLOWING ARBITRATION PROVISION CAREFULLY, IT LIMITS YOUR RIGHTS, AND WAIVES THE RIGHT TO MAINTAIN A COURT ACTION, OR TO PURSUE A CLASS ACTION IN COURT AND IN ARBITRATION.**
>
> . . . .

A-3090-20

Further, the parties understand that they may not pursue any claim, even in arbitration, on behalf of a class or to consolidate their claim with those of other persons or entities . . . . **THIS ARBITRATION PROVISION IS GOVERNED BY THE FEDERAL ARBITRATION ACT. THIS ARBITRATION PROVISION LIMITS YOUR RIGHTS, AND WAIVES THE RIGHT TO MAINTAIN A COURT ACTION OR PURSUE A CLASS ACTION IN COURT OR IN ARBITRATION. PLEASE READ IT CAREFULLY, PRIOR TO SIGNING.**

Three months after the sale, plaintiff filed a demand for arbitration with the American Arbitration Association (AAA) alleging defendants violated several statutes in overcharging her for title and registration fees and selling the car for more than the advertised price. Salerno Duane was served with the demand.

In February 2017, AAA notified plaintiff and Salerno Duane of the filing of the arbitration demand and that Salerno Duane was required under the MVRO to pay the AAA fees to administer the arbitration. After Salerno Duane failed to pay the required fees, AAA declined to administer the case and closed the file. In its letter, AAA stated that it "may decline to administer future consumer arbitrations involving Salerno Duane, Inc." and that Salerno Duane should remove AAA from its consumer arbitration clause. AAA also advised the parties that they "may choose to submit [their] dispute to the appropriate court for resolution."

A-3090-20

Thereafter, plaintiff filed a class action complaint which asserted claims against defendants under the Consumer Fraud Act, N.J.S.A. 56:8-1 to -227, the Automotive Sales Practices Regulations, N.J.A.C. 13:45A-26B.1 to -26B.4, the Motor Vehicle Advertising Practices Regulations, N.J.A.C. 13:45A-26A.1 to -26A.10, and the Truth-in-Consumer Contract, Warranty and Notice Act, N.J.S.A. 56:12-14 to -18. In its answer, defendants stated the court lacked subject matter jurisdiction over the case due to the arbitration clause.

Shortly thereafter, defendants filed a motion to dismiss the complaint and compel arbitration, which plaintiff opposed. The trial court denied the motion.

A lengthy discovery period and motion practice then ensued during which the court held multiple case management conferences and issued responsive orders. During an April 24, 2019 case management conference, defendants raised the issue of the arbitration provision in the potential class members' contracts, contending the provision precluded class certification.

Although defendants moved to preclude class certification and for summary judgment, they later withdrew the motions as the parties continued to dispute the production of discovery and pleading deficiencies in the complaint.

A-3090-20

Thereafter, plaintiff filed an amended class action complaint. In their answer, defendants again asserted plaintiff lacked standing as a class member representative due to the waiver clause in the arbitration provision.

In May 2020, plaintiff moved for class certification. She sought to certify "Class A" which includes:

> All persons who, at any time on or after the day six years prior to the date the initial [c]omplaint was filed, purchased or leased a motor vehicle from [d]efendants and were (a) charged a fee for registration and title that exceeded the actual fees charged by the New Jersey Motor Vehicle Commission to timely register and/or title the vehicle purchased or leased, or (b) charged a fee to transfer title to a vehicle traded in to [d]efendants without the fee being separately disclosed on the MVRO or the amount of the fee being separately disclosed on the MVRO.

And "Class B":

> All persons who, at any time on or after the day six years prior to the date the initial [c]omplaint was filed, purchased or leased a motor vehicle from [d]efendants and were charged [(a)] fees for documentary service that included no other itemization on the MVRO than a "Clerical Fee" or "Documentary Delivery Service" or (b) included the same description of "Title and Registration Fees" as disclosed on [p]laintiff's MVRO, or (c) included the same description of "Documentary Fee" as disclosed on [p]laintiff's MVRO.

On August 13, 2020, the trial court denied plaintiff's motion to certify Classes A and B. In his thorough, well-reasoned written decision, Judge Alan G. Lesnewich reviewed applicable case law and found "the MVRO satisfies

A-3090-20

the legal requirements that make it binding on [defendants] and other putative class members as to both the arbitration and no class action provisions." He further found the language was clear that the parties could not "pursue any claim . . . on behalf of a class or . . . consolidate their claim with those of other persons or entities." In considering the arbitration agreement in the MVRO, the judge found a plain reading "demonstrates it is clearly a waiver of the parties' right to pursue claims in court, either on an individual or a class action basis." The judge concluded that "[p]laintiff knowingly and voluntarily agreed to proceed only in . . . her own individual capacity and not as a class representative or member in any forum." Therefore, plaintiff could not act as the class representative.

Judge Lesnewich also addressed and rejected plaintiff's reliance on Roach v. BM Motoring, LLC,[1] to support her contention that defendants' material breach of the agreement rendered the class action waiver unenforceable. Therefore, although the court referred to the class certification requirements under Rules 4:32-1(a) and (b), it was unnecessary to complete the analysis since each potential class member, including plaintiff, executed a MVRO with an arbitration agreement containing a class action waiver provision.

---

[1] 228 N.J. 163, 177 (2017).

Two months later, plaintiff filed her second motion for class certification. Plaintiff proposed "Class A":

> All persons who, at any time on or after the day six years prior to the date the initial [c]omplaint was filed, purchased or lease[d] a motor vehicle from [d]efendants and were (a) charged a fee for registration an[d] title that exceeded the actual fees charged by the New Jersey Motor Vehicle Commission to timely register and/or title the vehicle purchased or leased, or (b) charged a fee to transfer title to a vehicle traded in to [d]efendants without the fee being separately disclosed on the MVRO or the amount of the fee being separately disclosed on the MVRO **and entered into an MVRO and RISC with the same arbitration provisions as the versions used in [p]laintiff's transaction where the buyer did not sign the [a]greement to [a]rbitrate in the RISC.**

And "Class B":

> All persons who, at any time on or after the day six years prior to the date the initial [c]omplaint was filed, purchased or lease[d] a motor vehicle from [d]efendants and were charged [(a)] fees for documentary service that included no other itemizations on the MVRO than a "Clerical Fee" or "Documentary Delivery Service" or (b) included the same description of "Title and Registration Fees" as disclosed on [p]laintiff's MVRO, or (c) included the same description of "Documentary Fee" as disclosed on [p]laintiff's MVRO **and entered into an MVRO and RISC with the same arbitration provisions as the versions used in [p]laintiff's transaction where the buyer did not sign the [a]greement to [a]rbitrate in the RISC.**

On April 21, 2021, Judge Lesnewich denied plaintiff's second motion for class certification. The judge noted that despite his prior ruling that plaintiff could not serve as a class representative, she remained the class representative in the new motion for certification. Without a valid class representative, the class could not be certified and the case could not proceed as a class action.

In addition, the judge found that plaintiff could not add the new class definitions because she had not sought leave to amend her complaint to add the new language. The December 2019 amended complaint did not contain the proposed class definitions, nor did it make a claim for relief under the RISC.

Judge Lesnewich also noted that no putative class member had signed the RISC. Therefore, there was no legal basis to support plaintiff's argument that the unsigned RISC arbitration provision created a legal deficiency regarding the arbitration agreement in the executed MVRO.

On appeal, plaintiff challenges the orders denying class certification, contending the trial court erred in finding plaintiff could not be a class representative and that the putative class members could not be class members. Plaintiff asserts the court erred in permitting defendants to enforce the class waiver provision in the arbitration agreement after they materially breached the agreement.

 A-3090-20

An interpretation of a contract, including an arbitration clause, is reviewed de novo. See Goffe v. Foulke Mgmt. Corp., 238 N.J. 191, 207 (2019); Kieffer v. Best Buy, 205 N.J. 213, 222 (2011). "Whether a contractual arbitration provision is enforceable is a question of law, and we need not defer to the interpretative analysis of the trial . . . courts unless we find it persuasive." Skuse v. Pfizer, Inc., 244 N.J. 30, 46 (2020) (quoting Kernahan v. Home Warranty Adm'r of Fla., Inc., 236 N.J. 301, 316 (2019)).

We review a trial court's order granting or denying class action certification for an abuse of discretion. Dugan v. TGI Fridays, Inc., 231 N.J. 24, 50 (2017).

Our Supreme Court has recognized that class actions are a favored means of adjudicating numerous claims involving a common nucleus of facts for which individual recovery will be small. See Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 103-07 (2007). Therefore, we will "liberally construe" the class action requirements established under Rule 4:32-1. Id. at 103 (quoting Delgozzo v. Kenny, 266 N.J. Super. 169, 179 (App. Div. 1993)).

Despite that liberal construction, the right to proceed as a class action may be waived in an arbitration agreement. See AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 344 (2011); NAACP of Camden Cnty. E. v. Foulke Mgmt. Corp., 421 N.J. Super. 404, 438 (App. Div. 2011) (holding the Federal

9

Arbitration Act preempts "courts from nullifying class action waiver provisions in arbitration agreements based upon state-law notions of unconscionability or public policy.").

We initially address whether plaintiff and the putative class members waived their rights to pursue a class action. We need look no further than the plain language of the arbitration agreement.

In large, bold, capitalized print, directly below the purchase price and a signature line, and again above the document's second signature line, the consumer is informed they cannot pursue a class action in arbitration or in court. The consumer is also informed within the text of the MVRO that they may not pursue a claim on behalf of a class or consolidate their claim with any other person. The class action waiver contained in the arbitration agreement was clear and unambiguous. See Atalese v. U.S. Legal Servs. Grp., L.P., 219 N.J. 430, 447 (2014).

We turn then to plaintiff's assertion that under Roach, defendants' material breach of the arbitration agreement in failing to pay the required fees rendered the entire agreement unenforceable, including the class action waiver. We find the reliance on Roach misplaced.

In Roach, the Court held the defendants' "knowing refusal to cooperate with plaintiffs' arbitration demands [by not paying the AAA fees], filed in

10                                                                    A-3090-20

reasonable compliance with the parties' agreement, amounts to a material breach of the [arbitration agreement] and, as such, bars the breaching party from later compelling arbitration." 228 N.J. at 180. The Court further held that a determination of whether a party committed a material breach of an arbitration agreement by failing to respond to an arbitration demand "must be made on a case-by-case basis after considering the agreement's terms and the conduct of the parties." Id. at 181. The Court did not address whether the breach prevented the enforcement of a class action waiver, only that the breach prohibited the defendants from compelling arbitration. In fact, Roach does not reference a class action waiver provision in the arbitration agreement. It was not an issue before the Court and Roach is not instructive regarding plaintiff's contention.

As stated, plaintiff waived her right to pursue any claims she might have against defendants in a class action. Plaintiff was informed the waiver applied whether she brought her claims in an arbitration or before a court. Therefore, plaintiff was on notice, and agreed, that she could not bring a class action in court. Defendants' inability to compel arbitration does not affect plaintiff's waiver of her right to pursue a class action in court. Because plaintiff was clearly informed of the waiver that applied both in court and arbitration, we

11

are satisfied the class action waiver survives defendants' breach of the agreement and remains applicable to plaintiff's claims.

Therefore, plaintiff could present her claims on an individual basis in court, but she could not act as a class representative of a class action or participate as a member of a class action. The court did not err in denying class certification because plaintiff could not serve as a class representative and counsel did not appoint a replacement when they attempted to redefine the classes in the second motion for certification. Without a class representative, the court properly denied class certification.

In a related argument, plaintiff contends the trial court erred in finding the class action waiver clauses in the putative class members' MVROs prevented them from becoming class members. We disagree. The potential class members all executed a MVRO with the provision noted above in which the consumer was informed they could not pursue any claim, even in court, on behalf of a class or consolidate their claim with any others. For the reasons already stated regarding plaintiff's claims, the putative class members were also foreclosed from joining a class and being part of a class action in a court.

We only briefly address plaintiff's argument that defendants did not timely raise the arbitration agreement as an affirmative defense and therefore waived their right to enforce the agreement. As Judge Lesnewich found,

12

defendants asserted the affirmative defense and moved to dismiss the complaint and to compel arbitration soon after plaintiff filed the class action complaint. Defendants did not delay in raising the defense. See Cole v. Jersey City Med. Ctr., 215 N.J. 265, 277-81 (2013).

In challenging the second order denying class certification, plaintiff contends the arbitration agreement in the RISC is controlling and supersedes the MVRO arbitration agreement. We disagree.

The MVRO provides:

> In the event that any claims are based on a lease, finance, or other agreement between the parties related to this sale or lease as well as this agreement, and if such lease, finance or other agreement contains a provision for arbitration of claims which conflicts with or is inconsistent with this arbitration provision, the terms of such other arbitration provision shall govern and control.

The RISC also has an arbitration provision in which the consumer gives up their right to participate as a class representative or a class member in an arbitration of any dispute. The RISC does not reference the waiver of a class action if the claims are brought in court.

However, the distinction is of no import because neither plaintiff nor any putative class member signed the RISC. Therefore, there was no mutual assent to the contract, and the arbitration provision in the RISC is not enforceable.

See <u>Atalese</u>, 219 N.J. at 442. Consequently, there is no agreement that conflicts or is inconsistent with the MVRO's arbitration provision.

Plaintiff and the putative class members were clearly informed by the MVRO that they were waiving their right to pursue a class action or be a member of a class action whether they asserted claims in an arbitration setting or in court. Although defendants were foreclosed from compelling arbitration of the dispute after they failed to pay the AAA administration fees, they were not precluded from asserting the class action waiver in the court action. Because plaintiff could not serve as a class representative and all of the putative class members also signed MVROs, the trial court correctly denied class certification and dismissed the complaint.

Plaintiff's remaining arguments are without sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3090-20